IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | Case No. 3:92-cr-0319-G (BT) |
| § | |
| KEVIN L. SAMUELS § | |

**<u>FINDINGS, CONCLUSIONS AND RECOMMENDATION</u>**
**<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, § 636(b), as implemented by an Order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge follow:

I.

Defendant has filed two motions to vacate or reduce his sentence under Fed. R. Crim. P. 35, (ECF Nos. 12, 13), and a motion for the Court to request the United States Attorney consider exercising her discretion to agree to an order vacating one of Defendant's 18 U.S.C. § 924(c) convictions. (ECF No. 9). For the reasons stated, Defendant's Rule 35 motions should be construed as successive petitions under 28 U.S.C. § 2255, and Defendant's remaining motion should be denied.

1

Defendant was convicted of two counts of obstructing, delaying, and affecting commerce by robbery in violation of 18 U.S.C. § 1951(a); two counts of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c); and two counts of assaulting a federal officer, in violation of 18 U.S.C. § 111. On January 20, 1993, the District Court sentenced Defendant to 533 months confinement. The Fifth Circuit Court of Appeals affirmed. *United States v. Samuels*, No. 93-1063 (5th Cir. Dec. 27, 1993).

Defendant has already filed four petitions to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255. The first petition was dismissed as untimely. *United States v. Samuels*, No. 3:97-CV-1277-P (N.D. Tex. Dec. 1, 1997), COA denied, No. 98-10014 (5th Cir. Feb. 4, 1999). The second, third, and fourth petitions were dismissed as successive. *Samuels v. United States*, No. 3:97-CV-2696-P (N.D. Tex. Jan. 30, 1998), COA denied, No. 98-10874 (5th Cir. 1999); *Samuels v. United States*, 3:92-CR-319-P (N.D. Tex. Jun. 28, 2006); *Samuels v. United States*, 3:16-CV-1475-P (N.D. Tex. June 1, 2016).

Defendant filed his current motions to vacate or correct sentence under Fed. R. Crim. P. 35. He argues his sentence violates the Due Process and Ex Post Facto Clauses.

II.

Fed. R. Crim. P. 35 allows for correction of clear errors that affect sentencing, if the motion to correct is filed within fourteen days of sentencing. Here, Defendant failed to file his motions under Rule 35 within fourteen days of

his sentencing.  The Court therefore construes the Rule 35 motions as motions to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255.  *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) ("Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence."); *Cox v. Warden, Fed. Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990) (same).

  The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief.  ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996).  A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255.  This determination must be made by a three-judge panel of the Court of Appeals before Defendant files his motion in district court.  28 U.S.C. §§ 2241 and 2255.  The petitions should therefore be transferred to the Fifth Circuit.

  Defendant also has filed a motion for the Court to request that the United States Attorney consider exercising her discretion to agree to an order vacating one of Defendant's convictions as unjust.  Although Defendant may contact the Unites States Attorney to seek this relief, the Court finds the motion requesting

3

this Court to contact the United States Attorney is without merit and should be denied.

### III.

For the foregoing reasons, the Magistrate Judge recommends that Defendant's motions to vacate or correct under Fed. R. Crim. P. 35 (ECF Nos. 12, 13) be construed as petitions to vacate, correct, or set aside sentence pursuant to 28 U.S.C. § 2255 and that those petitions be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). The Magistrate Judge further recommends that Defendant's motion (ECF No. 9) for the Court to request that the United States Attorney consider exercising her discretion to agree to an order vacating one of Defendant's convictions be DENIED.

Signed March 8, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).