IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| v. § | No. 3:92-cr-319-G (BT) (01) |
| § | |
| KEVIN L. SAMUELS, #23418-077, § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Kevin L. Samuels filed a *pro se* "Motion for Compassionate Release/Sentence Reduction." Mot. (ECF No. 19). Upon review of the relevant pleadings and applicable law, the Court should DENY the motion without prejudice for failure to exhaust administrative remedies.

I.

Samuels was convicted of two counts of obstructing, delaying, and affecting commerce by robbery in violation of 18 U.S.C. § 1951(a); two counts of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c); and two counts of assaulting a federal officer, in violation of 18 U.S.C. § 111. On January 20, 1993, the district court sentenced him to 533 months confinement. The Fifth Circuit Court of Appeals affirmed his conviction and sentence. *United States v. Samuels*, No. 93-1063 (5th Cir. Dec. 27, 1993).

Samuels now seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194

(2018). He seeks release due to the COVID-19 pandemic, and states he has a heart condition that causes him to be at high risk for contracting the virus.

## II.

A district court does not have inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). However, under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see id.* at 693 n.1. The court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) ("[A] court may modify a defendant's sentence after considering the factors set forth in § 3553(a) to the extent applicable if it finds that extraordinary and compelling reasons warrant such a reduction and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.") (internal quotations and citations omitted)).

Section 3582(c)(1)(A) requires exhaustion of administrative remedies before a defendant can file a motion in federal court. *See* 18 U.S.C. § 3582(c)(1)(A) (permitting the filing of a motion "*after the defendant has fully exhausted all*

2

*administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden . . . whichever is earlier" (emphasis added)). The United States Court of Appeals for the Third Circuit has characterized this requirement as "a glaring roadblock foreclosing compassionate release" where "BOP has not had thirty days to consider [the defendant's] request to move for compassionate release on his behalf" or if "there has been no adverse decision by BOP for [the defendant] to administratively exhaust within that time period." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). But some judges have since "concluded that [the Section 3582(c)(1)(A) exhaustion] requirement is not absolute and that it can be waived by the government or by the court, therefore justifying an exception in the unique circumstances of the COVID-19 pandemic." *See Valentine v. Collier*, ___ F.3d ___, No. 20-20207, 2020 WL 1934431, at *8 (5th Cir. Apr. 22, 2020) (Higginson, J., concurring)  (collected authority omitted).

Here, Samuels has failed to show he exhausted his administrative remedies and has provided insufficient facts for the Court conclude he should be excused from the exhaustion requirement. He attached a claim for relief that he purportedly sent to the Warden, but the claim requested relief due to an "unjust sentence" and specifically stated the application "is not based upon Medical needs." Mot. at 5 (ECF No. 19).  Therefore, under these circumstances, the BOP should have the first opportunity to address Samuels's request for compassionate release based on the COVID-19 pandemic.

3

III.

The Court should deny Samuels's motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A) without prejudice for failure to exhaust his administrative remedies.

Signed July 1, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).